**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JERRY NEWTON CASTLE, JR.** | | |
| **ID # 1371891,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:11-CV-0380-M (BH)** |
| | ) | |
| **RICK THALER, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is *Petitioner's Motion for Stay and Abeyance,* received August 30, 2011 (doc. 23).  Based on the relevant findings and applicable law, the motion should be denied.

**I.  BACKGROUND**

Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID).  He filed his federal habeas petition on January 28, 2011, challenging two state court convictions for aggravated sexual assault of a child. (*See* doc. 1). The respondent contends that several of petitioner's claims are unexhausted and procedurally defaulted because he did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.  (*See* doc. 18 at 10, 16-19).  Petitioner now seeks to stay his federal petition and have his case abated so that he may return to state court and attempt to exhaust one of these claims. (*See* doc. 23 at 1-2).  He seeks to exhaust a claim that the trial court erred in sustaining an objection to a question his trial attorney sought to ask a potential juror during voir dire. (*Id.* at 5-6).

## II. STAY AND ABATE

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

Where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Petitioner has not met the *Rhines* standard. First, he has not shown good cause for his failure to exhaust. He claims he was prevented from filing a PDR earlier because he was not informed in a timely manner that his motion for rehearing on direct appeal had been denied. (*See* doc. 23 at 2-5). He filed state writ applications challenging his convictions that have been denied on their merits, however. *See Ex parte Castle*, WR-74,024-03, WR-74,024-04 (Tex. Crim. App. Jan. 12, 2011). Although petitioner seeks to return to state court in order to seek an out-of-time PDR for a claim that he did not raise in his prior state writs, he has not explained why he did not raise this claim before.

Furthermore, under state law, neither the trial court nor the Court of Criminal Appeals may consider the merits of a subsequent writ filed after a previous state writ challenging the same conviction has been decided unless the subsequent application establishes that the factual or legal basis for the claim was unavailable on the date the previous writ was filed or that, by a preponderance of the evidence, no rational juror could have found the applicant guilty beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (West 2007). The factual basis for petitioner's claim of trial court error during voir dire was available when he filed his previous state writs, and he has not shown that no rational juror could have found him guilty at trial on the basis of this alleged error. It is therefore unlikely that the merits of a subsequent writ will be considered by the state courts and that he will be able to exhaust this claim.

Finally, petitioner has not shown that his unexhausted claim is meritorious. His claim that the trial court erred in sustaining an objection to his trial attorney's question to a potential juror during voir dire was addressed on direct appeal. The state court of appeals held that the trial court did not err in sustaining the objection to the question under state law because the question improperly sought a commitment from the potential juror. *Castle v. State*, 2008 WL 2840683, slip op. at *2-3 (Tex. App.–Dallas July 24, 2008). It is beyond the scope of federal habeas review to review the correctness of the state court's interpretation of state law. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). Petitioner has not shown that he would potentially be entitled to federal habeas relief based on his claim that the trial and appellate court erred in its interpretation of state law.

Petitioner has not shown that he is entitled to a stay under the standard set forth in *Rhines,* and his request should be denied.

3

## III.  RECOMMENDATION

Petitioner's motion to stay and abate should be **DENIED**.

**SIGNED this 6th day of September, 2011.**

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE